IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOHN VASQUEZ,<br>     Individually, and on behalf of all others<br>     similarly situated,<br>          PLAINTIFFS, | |
| v. | Case No. 2:18-cv-194 |
| GREAT LAKES PROCESSING SERVICES, LLC,<br>and JASON GEORGE CHEBAT, individually,<br>     DEFENDANTS | |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. This is a class action lawsuit for damages brought by Plaintiff John Vasquez against Great Lakes Processing Services, LLC ("Great Lakes") and Jason George Chebat ("Chebat") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Texas Finance Code § 392.001, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C § 1692k(d).

3. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.

5. Plaintiff resides in this Judicial District and Division.

6. Because Great Lakes transacts business here, personal jurisdiction is established.

7. Because Chebat directed Great Lakes transacting business here, personal jurisdiction is established.

1

## PARTIES

8. Plaintiff, John Vasquez ("Plaintiff"), is an adult individual residing in San Patricio County, Texas.

9. Great Lakes is a New York LLC operating from the Buffalo, New York area.

10. Great Lakes is not registered to do business in Texas, but can be served in New York via its registered agent, United States Corporation Agents, Inc.

11. Jason George Chebat is a natural person residing at 275 Pryor Ave., North Tonowanda, New York.

12. Chebat may be served wherever he may be found.

## FACTUAL ALLEGATIONS

13. Plaintiff was allegedly obligated on an old pay day loan account ("Account"), believed to be owed originally to Cornerstone Payday Loans. The funds from the Account was used to purchase various personal effects, but was never used for business purposes.

14. The Account originated with an entity other than Great Lakes and went into default prior to being sold or otherwise transferred to Great Lakes for collection.

15. The Account defaulted in approximately 2010.

16. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

18. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and constitutes a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

19. Great Lakes obtained ownership or took assignment of the account for the purpose of collection after the account was sold by the original creditor.

20. Great Lakes then directly or indirectly attempted collections from Plaintiff in order to make a profit.

21. Great Lakes advertises on its website (www.greatlakesprocessingservice.com): "We work on behalf of our clients to recover their debts for them. Through our highly trained, well experienced account managers, we promise a fast and profitable return of your debt."

22. Great Lakes is registered and/or licensed in various states as a debt collector.

23. The principal purpose of Great Lakes is the collection of debts using the mails and telephone and other means.

24. Great Lakes is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

25. Chebat is the President and owner of Great Lakes.

26. Chebat uses Great Lakes as a purchaser of defaulted debts and collects on those debts directly or indirectly for the purpose of making a profit.

27. During all times pertinent hereto, Chebat (a) created the collection policies and procedures used by Great Lakes, and their respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of Great Lakes, (c) oversaw the application of the collection policies and procedures used by Great Lakes and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by Great Lakes and their employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by Great Lakes and their employees

and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by Great Lakes and their employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

28. Chebat is uses interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

29. Chebat is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

30. On or about December 8, 2017, Plaintiff sued Great Lakes and its surety bond provider, Hudson Insurance Company ("Hudson"), for various violations of federal and state collection laws.

31. Great Lakes was served via its registered agent in New York, United States Corporation Agents, Inc. on or about January 17, 2018.

32. Hudson, was served and filed an answer on or about January 11, 2018.

33. Hudson contacted Great Lakes about the case filed by Plaintiff soon after being served and before Hudson filed an answer.

34. Great Lakes did not respond to the lawsuit and Plaintiff reached a settlement with Hudson.

35. Hudson notified Great Lakes of the settlement with Plaintiff.

36. Hudson then canceled the Great Lakes' surety bond that was on file with the Texas Secretary of State.

37. The bond was cancelled on May 3, 2018.

38. Great Lakes has not filed a new surety bond with the Texas Secretary of State.

39. Hudson notified Great Lakes of the cancellation of the bond.

40. Despite learning of the lawsuit and that Plaintiff was represented by counsel and that Plaintiff disputed the Account, and that its bond on file with the Texas Secretary of State was cancelled, Great Lakes continued to send emails to Plaintiff in order to induce Plaintiff into agreeing to a settlement of the Account.

41. In all of the emails sent to Plaintiff, Great Lakes used the fictitious business name "Stockton Regal" which an unregistered and unauthorized business name.

42. In all, Great Lakes has sent more than 40 emails to Plaintiff attempting to get Plaintiff to agree to a settlement of the Account.

43. Eighteen of the emails referenced above were sent after the cancellation of Great Lakes' surety bond on file with the Texas Secretary of State.

44. All of the conduct by Great Lakes and Chebat described above was done knowingly and willfully.

45. Great Lakes' purpose for the communications with Plaintiff described above was to attempt to collect the Account.

46. Each email individually conveyed information regarding the account directly or indirectly to Plaintiff.

47. The emails each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

48. The only reason that Great Lakes and/or representative(s), employee(s) and/or agent(s) of Great Lakes sent emails to Plaintiff was to attempt to collect the Account.

49. Plaintiff suffered actual damages as a result of Great Lakes' illegal conduct described above.

50. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

51. All of the conduct of Great Lakes after May 3, 2018, as described above was done without a surety bond on file with the Texas Secretary of State as required by Tex. Fin. Code §392.101.

## CLASS ACTION ALLEGATIONS
## CLASS ONE – FDCPA CLASS

52. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within one year before the date of the filing of this Complaint, were contacted by Great Lakes in any communication in which Great Lakes attempted to collect a debt from that person and where Great Lakes had been informed that the person was represented by an attorney.

53. Excluded from the Class are Great Lakes, all other defendants named herein, the officers and directors of Great Lakes, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Great Lakes has or had a controlling interest.

54. The Class is so numerous that joinder of all members is impracticable. The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The Class is ascertainable in that the names address of all members of the Class can be identified in business records maintained by Great Lakes.

55. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Great Lakes and Plaintiff has suffered substantially similar injuries as each member of the Class.

56. Plaintiff has retained counsel experienced and competent in class action litigation.

57. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

58. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Great Lakes has acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

    a. Great Lakes' violations of 15 U.S.C. § 1692, *et seq*. as alleged herein;

    b. Great Lakes' conduct particular to the matters at issue was identical or substantially similar;

    c. The availability of statutory penalties; and

    d. The availability of attorneys' fees and costs.

**CLASS TWO – TEXAS FINANCE CODE CLASS**

59. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of

Texas who, within the one year prior to the filing of this complaint were contacted by Great Lakes in connection with an attempt to collect any purported debt of the person contacted and where the debt in question was incurred primarily for personal, family or household purposes, and during which time Great Lakes did not have on file with the Texas Secretary of State a surety bond as required by Tex. Fin. Code § 392.101.

60. Excluded from the Class are Great Lakes, all other defendants named herein, the officers and directors of Great Lakes, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Great Lakes has or had a controlling interest.

61. The Class is so numerous that joinder of all members is impracticable. The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Great Lakes.

62. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Great Lakes and Plaintiff has suffered substantially similar injuries as each member of the Class.

63. Plaintiff has retained counsel experienced and competent in class action litigation.

64. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for

the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

65. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Great Lakes has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

    a.    Great Lakes' violations of Tex. Fin. Code § 392.101 as alleged herein;

    b.    Great Lakes' conduct particular to the matters at issue was identical or substantially similar; and

    c.    The availability of statutory penalties.

## RESPONDEAT SUPERIOR

66. The representative(s) and/or collector(s) at Great Lakes were employee(s) and/or agent(s) of Great Lakes at all times mentioned herein.

67. The representative(s) and/or collector(s) at Great Lakes were acting within the course and/or scope of their employment at all times mentioned herein.

68. The representative(s) and/or collector(s) at Great Lakes were under the direct supervision and/or control of Great Lakes at all times mentioned herein.

69. The actions of the representative(s) and/or collector(s) at Great Lakes are imputed to their employer, Great Lakes.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY GREAT LAKES PROCESSING, LLC AND JASON GEORGE CHEBAT

70. The previous paragraphs are incorporated into this Count as if set forth in full.

71. The act(s) and omission(s) of Great Lakes and Jason George Chebat and their representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692a(2).

72. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Great Lakes and Chebat.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY GREAT LAKES PROCESSING, LLC AND JASON GEORGE CHEBAT

73. The previous paragraphs are incorporated into this Count as if set forth in full.

74. The act(s) and omission(s) of Great Lakes and Chebat and their representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101 and 392.304(a)(1)& (5)(A)&5(B) and Tex. Fin. Code § 392.306.

75. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Great Lakes and Chebat.

76. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Defendant Great Lakes and Chebat enjoining them from future violations of the Texas Finance Code as described herein.

## JURY TRIAL DEMAND

77. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

78. Judgment in favor of Plaintiff and all members of Class One and against Great Lakes and Chebat, jointly and severally, as follows:

    a. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

    b. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

    c. Such other and further relief as the Court deems just and proper.

79. Judgment in favor of Plaintiff and all members of Class Two and against Great Lakes and Chebat, jointly and severaly, as follows:

   a. Statutory damages of no less than $100 pursuant to Tex. Fin. Code § 392.403;

   b. An injunction permanently enjoining Great Lakes and Chebat from future violations of Tex. Fin. Code § 392.101 as described above, pursuant to Tex. Fin. Code § 392.403;

   c. Reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

   d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
11610 Pleasant Ridge Rd.
Suite 103, Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff